## C. A. Moody v. W. H. Gaston et al.

### Decided May 3, 1905.

**Lien—Contract—Release of Debt.**

Plaintiff, claiming a vendor's lien on land sold by him, for which the vendees executed the notes sued on, agreed with them upon a reconveyance of the land and release of their personal liability on the notes, without prejudice to the further lien, claimed against a third defendant, upon a house built on the premises conveyed and subsequently removed to adjoining premises owned by such third defendant. Held, that the discharge of the debtors from the indebtedness for which the lien was claimed released the lien, which could no longer be enforced against the building in question.

Error from the District Court of Dallas County. Tried below before Hon. T. F. Nash.

*Gano, Gano & Gano,* for plaintiff in error.—The purchasers of real estate, legally in possession thereof, are, prior to the maturity of the purchase money notes, the owners of said lands; and being in possession, have the right (as against the vendor holding a lien) to permit a third person to put a house or any other detachable object on the property, with power and authority to remove the same at any time. Haney v. Milliken, 2 Texas Civ. App., 171; Boone on Mortgages, secs. 24, 17, 104; Huchins v. Masterson, 46 Texas, 554; Bispham's Equity, 195 (4th ed.), and authorities cited in foot note.

A building severed and removed from mortgaged premises of which it formed a part at the time of the mortgage, or subsequent thereto, is clear of and disencumbered by said mortgage. Buckout v. Swift, 27 Cal., 433; Harris v. Bannon, 78 Ky., 568; Hill v. Guin, 51 Cal., 47; Gardner v. Finley, 19 Barb., 317; Tomlinson v. Thompson, 27 Kan., 70; Dorr v. Dudderar, 88 Ill., 107; Weill v. Thompson, 24 Fed. Rep., 14; Jones on Mortgages, sec. 144.

Fixtures removed after mortgage from lands to which attached are not covered by said lien in those States where a mortgage is a mere lien. In Texas the vendor's lien or deed of trust lien is a mere lien for the securing of debt. Clore v. Lambert, 78 Ky., 224; Bispham's Equity, 195, and authorities cited, for the first part of the above proposition; and Carey v. Starr, 93 Texas, 515, for the Texas law for a vendor's lien being merely a lien, the title passing to the vendee.

The court erred in refusing the peremptory charge in favor of defendant C. A. Moody, because the uncontroverted evidence showed that all claims of plaintiff against the house involved in this suit by virtue of the note sued upon and lien securing same were waived, cancelled and rendered of no effect as against defendant C. A. Moody, by virtue of and by compliance with the terms of the written agreement of date January 25, A. D. 1902.

*Turney & Lewis,* for defendant in error.—Having no pleadings nor issue relating to the contract of settlement between W. H. Gaston and G. W. Moody and W. S. Moody, upon which plaintiff's judgment against those defendants rests, without appeal by them, C. A. Moody, an utter stranger to that contract, can not by amended motion for a new trial,

for the first time seeking it, go behind that final judgment on said contract for the purpose of varying the construction and interpretation of such contract. Chappell v. Brooks, 33 Texas, 276; Hendrick v. Cannon, 5 Texas, 248; Cheatham v. Riddle, 8 Texas, 166; Cook v. Steel, 42 Texas, 55, 56 and citations; Speyer v. Ihmels, 21 Cal., 280, 81 Am. Dec., 157.

C. A. Moody filed a separate answer, which did not make her adverse to her codefendants on whose sole allegations and contract of settlement with said Gaston the judgment rests; and she can not, by motion for a new trial, first seeking it, go behind the judgment for the purpose of attacking the interpretation and construction of that contract as fixed and acted on by the parties thereto and carried into judgment, and thereupon change said judgment as between said Gaston and her codefendants, so as to extinguish the residue of said Gaston's debt after sale of the 84.2 acres of land before foreclosure of his lien on the house, contrary to the intent of said contract, she neither being in privity with the contract nor having pleaded before judgment therefor, nor being prejudiced by that contract. Freeman on Judgments, sec. 158; Phelps v. Brackett, 24 Texas, 236; Caldwell v. Brown, 43 Texas, 216, 217; Graves v. Cameron, 77 Texas, 275; Goss v. Pilgrim, 28 Texas, 267; Note 8 under art. 1348, Sayles Tex. Civ. Stats., 1897; Garner v. Burleson, 26 Texas, 348.

If appellant can go behind the final judgment as between W. H. Gaston and G. W. Moody and W. S. Moody, to combat the construction and interpretation of the contract of settlement between said Gaston and said G. W. Moody and W. S. Moody as established, acted on, and carried into said judgment by the parties thereto; then said construction and interpretation was not prejudicial to appellant, who was a stranger to that contract; and the court properly overruled her motion for a new trial seeking to vary said contract and judgment as between the parties to the contract, so as to extinguish the residue of Gaston's debt after sale of the land before reaching the house, contrary to the intent and accepted construction and interpretation acted upon by the parties, manifested in the judgment. An unprejudiced stranger to said contract, appellant can not complain of its construction by the parties nor impeach the judgment therefor. Authorities above also; Chestnutt v. Pollard, 77 Texas, 88; Storey v. Nichols, 22 Texas, 91; European-Am. Colon. Soc. v. Reed, 25 Texas Supp., 349.

G. W. Moody and W. S. Moody, vendees of Gaston in the deed reserving an express lien to secure all the purchase money, having executed contemporaneously the trust deed in suit to secure the debt, though legally in possession of the land, yet could not, without Gaston's consent, permit appellant to annex the house in suit to said land and afterwards, upon acquiring the ten acres, to remove the house from the Gaston land onto the ten acres discharged of Gaston's lien; Gaston being mortgagee with legal title. Howard v. Davis, 6 Texas, 181; Dunlap v. Wright, 11 Texas, 597; Baker v. Ramey, 27 Texas, 53; Burgess v. Millican, 50 Texas, 401; Hale v. Baker, 60 Texas, 217-20; Roosevelt v. Davis, 49 Texas, 463; Lanier v. Foust, 81 Texas, 188; Pierce v. Moreman, 84 Texas, 601; Hamblen v. Folts, 70 Texas, 137; Crafts v. Daugherty, 69 Texas, 478; White v. Cole, 9 Texas Civ. App., 283, 87 Texas,

502; Carey v. Starr, 93 Texas, 515; Ogden v. Stock, 34 Ill., 85 Am. Dec., 332; Meagher v. Hayes, 23 Am. St. Rep., 819; Demby v. Pars, 14 S. W. Rep., 899; Witwer's Appeal, 84 Am. Dec., 505; Ainklee & Eger Iron Co. v. Black, 35 Am. Rep., 347; Bank v. Kircheval, 27 Am. Rep., 310; Railway v. Fritz, 27 Am. Rep., 175; Devlin on Deeds, secs. 1217, 1219-20, 1727; Hopewill Mills v. Bank, 15 Am. St. Rep., 235; Hamlin v. Parsons, 90 Am. Dec., 284; Jones v. Bull, 37 S. W. Rep., 1054; Jones on Mortgages, secs. 143, 453; Hutchins v. King, 1 Wall., 53; Turner v. Mebane, 110 N. C., 413; Partridge v. Hemenway, 89 Mich., 454.

EIDSON, ASSOCIATE JUSTICE.—The statement of the nature and result of the suit as given in plaintiff in error's brief appears from the record to be substantially correct, and is as follows:

"This suit was instituted in the District Court of Dallas County, Texas, by W. H. Gaston v. G. W. Moody, W. S. Moody and C. A. Moody, on the fourth day of December, 1900.

"Plaintiff alleged as cause of action that certain lands described in his petition had been conveyed to the defendants G. W. Moody and W. S. Moody, in consideration of the sum of $2,105 to be paid by said defendants to plaintiff according to the terms of the note involved in this suit; that in the general warranty deed conveying the lands to said defendants, a vendor's lien was expressly reserved for securing the payment of said note, and a deed of trust was executed by the vendees to one John H. Gaston, trustee, securing the payment of said note by a deed of trust lien. Plaintiff also alleged that shortly prior to the execution of said deeds and conveyance of said land to G. W. and W. S. Moody they had agreed in parol to build a certain house described in said petition upon the lands conveyed, and that it was understood and agreed that the value of said house should increase the security for the payment of said note. Plaintiff further alleged that said house was built and placed upon the lands in such a way as to become a part thereof by the defendants G. W. and W. S. Moody, and that subsequently, and without the knowledge or consent of the plaintiff, the defendants removed the house from the lands above stated and placed the house upon a ten acre tract of land adjoining, which tract belonged to G. W. and W. S. Moody, and that the defendant C. A. Moody claimed the house adverse to plaintiff and the land to which said house was moved and attached. Plaintiff instituted this suit for the purpose of foreclosing the lien upon the lands above referred to and on the house and on the lands to which said house had been removed and attached, and prayed also for a writ of injunction compelling defendants to remove said house from the ten acre tract and place the same upon the lands conveyed by W. H. Gaston to G. W. and W. S. Moody, for damages, etc.

"Defendants G. W. and W. S. Moody answered by general exception, general denial and a plea of an agreement between W. H. Gaston and said defendants G. W. and W. S. Moody, entered into for the purpose of compromising and settling this suit and all matters therein involved as between the plaintiff W. H. Gaston and the defendants G. W. and W. S. Moody. This agreement was not controverted and the judgment

rendered in this case as between the plaintiff W. H. Gaston and the defendants G. W. and W. S. Moody was based upon this agreement.

"Defendant C. A. Moody answered by general exception, and special exception to that portion of plaintiff's petition which set out the parol agreement between W. H. Gaston and G. W. and W. S. Moody, with reference to the building of the house on the lands conveyed by said Gaston to the Moodys. Said defendant further answered by general denial and special plea, setting out that Mrs. C. A. Moody knew nothing whatever with reference to any agreement between G. W. Moody, W. S. Moody and W. H. Gaston about an obligation upon the part of said G. W. and W. S. Moody to build a house as above stated; that the house involved in this suit was built and placed upon said land by said defendant C. A. Moody; that said house was paid for and owned by her; that she placed the house upon the lands owned by her sons G. W. and W. S. Moody (being the lands purchased from W. H. Gaston) and of which lands said G. W. and W. S. Moody were then in possession; that said house was built and placed upon said land with the consent of said Moodys, with the agreement that it was temporarily to remain upon said lands, and that it could be removed at said defendant said Mrs. C. A. Moody's desire, and at any time that she wished; that long prior to the maturity of the note sued upon and long prior to the institution of this suit, defendant C. A. Moody purchased the said ten acre tract of land adjoining the 84 2-10 acre tract and removed said house to said land so purchased by her; that said house was temporarily placed upon the land of defendants G. W. and W. S. Moody and was not attached to the soil, and that it was placed upon blocks lying upon the surface of the ground, there being no attachment whatever of said house to the soil, but was always and at all times regarded by G. W. and W. S. Moody and the defendant C. A. Moody as her house, and that the placing the same upon the land of the defendants G. W. and W. S. Moody was regarded as a temporary expedient; that at the time the house was built the defendant C. A. Moody was contemplating the purchase of the land adjoining, and that it was then understood that if she should purchase said lands adjoining, that said house should be removed thereto and placed thereon. And that plaintiff subsequently ratified said removal.

"Plaintiff W. H. Gaston by supplemental petition, answered the above plea by general exception and general denial.

"This suit was tried on the 8th day of April, 1904, before a jury and resulted, under a peremptory charge by the court, in a verdict for the plaintiff and a judgment against G. W. and W. S. Moody personally for the amount of the note sued upon, with a foreclosure against the lands; said judgment as to said defendants followed the terms of the agreement above referred to, and further foreclosing a lien against the house involved in controversy, in case the land should be insufficient to pay the said amount.

"Defendant C. A. Moody filed an amended motion for new trial, which motion was overruled; to which ruling said defendant excepted and gave notice of appeal."

Plaintiff in error's 8th assignment of error is as follows: "The court

erred in refusing said peremptory charge No. 1, in favor of defendant C. A. Moody, because the uncontroverted evidence showed that the land purchased by W. S. and G. W. Moody from .W. H. Gaston was reconveyed to said W. H. Gaston by said W. S. and G. W. Moody by deed duly executed and delivered; that the note and indebtedness herein sued upon was by said W. H. Gaston canceled; that foreclosure of lien against the house involved in this suit was waived, and said lien was rendered of no effect, and that all claims of plaintiff against the house involved in this suit, by virtue of the note sued upon and lien securing same was waived and canceled and rendered of no effect as against defendant C. A. Moody by virtue of and by compliance with the terms of the written agreement of date January 25, A. D., 1902, made by and between plaintiff W. H. Gaston and defendants W. S. and G. W. Moody, the said agreement being attached to their second amended original answer in this cause."

The agreement referred to in this assignment is as follows:

"W. H. Gaston, No. 19,922,        Suit pending in the District Court of
            v.                    the Fourteenth Judicial District of Texas
G. W. Moody et al.                at Dallas.

"For the purpose of compromising and settling the above styled and numbered suit, and all matters therein involved, as between the plaintiff W. H. Gaston and the defendants G. W. Moody and W. S. Moody it is now hereby mutually agreed between said plaintiff Gaston and the defendants G. W. and W. S. Moody as follows:

"1.   That said defendants G. W. and W. S. Moody, shall withdraw defensive pleadings filed by them in said suit, and plaintiff may take judgment against them for the amount of the note sued upon with foreclosure of the vendor's lien upon the lands involved in said suit, excluding the house involved in that suit.

"2.   That the said G. W. and W. S. Moody shall properly execute and deliver to W. H. Gaston a special warranty deed, reconveying to him the lands involved in this suit.

"3.   That the said land shall then be sold by the sheriff (if desired by plaintiff W. H. Gaston) under the order of sale to be issued by the judgment aforesaid; and after that is done the said Gaston shall at once release the balance, if any, remaining on said judgment against the said G. W. and W. S. Moody and they shall be released from all liability upon said judgment.

"4.   In case the land is not sold under order of sale, then when the said W. H. Gaston shall determine he will not issue an order of sale on the judgment to be entered aforesaid (which determination must be made within 60 days from the date of the judgment) then the said G. W. and W. S. Moody shall be by the said Gaston fully released from all further liability upon the said judgment.

"5.   This arrangement or agreement is made, in order that the said W. H. Gaston may, if he wishes, further prosecute the said suit as against the remaining defendant herein, and nothing herein contained shall prejudice plaintiff's claim to the house involved in this suit.

"6.   This agreement shall be carried out as soon as practicable by the execution and delivery of the said deed to the said Gaston by G. W.

and W. S. Moody, and by the entry of interlocutory judgment against the said G. W. and W. S. Moody as above provided. But while such judgment shall be entered for the full amount due upon the note sued upon, it is distinctly agreed and here specified that the said G. W. and W. S. Moody shall not be held, nor shall either of them be held personally liable in any way upon said money judgment, but same shall be satisfied, so far as they are concerned by plaintiff Gaston reacquiring in the manner aforesaid said lands involved in this suit.

"Witness the hands of the said parties by their authorized attorneys, this the 25th day of January, A. D., 1902.

　　　　　　　　　　(Signed) Turney, Lewis & Lewis,
　　　　　　　　　　　　　　　　　　　Attorneys for plaintiff,
　　　　　　　　　　McCormick & Spence,
　　　　　　　　　　　　　　　　　　　Attorneys for defendants."

Plaintiff in error did not plead this agreement as a defense to defendant in error's alleged right to a lien upon the house, but she pleaded a general denial to the allegations contained in defendant in error's petition; and the defendants G. W. and W. S. Moody pleaded this agreement as a settlement of their indebtedness to defendant in error, which is the basis of this action, and introduced the agreement in evidence. In our opinion the execution and delivery of this agreement by G. W. and W. S. Moody to defendant in error, and the acceptance of the same by him, extinguished the indebtedness of the said G. W. and W. S. Moody in favor of the defendant in error; and if defendant in error ever had any lien upon the house, it was based upon this indebtedness, and the indebtedness being extinguished, ipso facto, the lien upon the house was canceled. While the fifth subdivision of the agreement recites that it is made in order that defendant in error may, if he wishes, further prosecute his suit against the plaintiff in error, and that nothing in the agreement shall prejudice his claim to the house involved in the suit, such recital could not give defendant in error any right that he did not have in the absence of such recital, and whatever right he thus had was satisfied by the judgment he was entitled to or reconveyance of the land made under the agreement. (Casey v. Starr, 93 Texas, 518, and cases therein cited.) While this agreement gives defendant in error sixty days after the date of the judgment within which to exercise his option as to whether he would have the land sold under the judgment or hold it under the reconveyance, the agreement is completed as to G. W. and W. S. Moody; nothing further was to be done by them.

The peremptory charge requested by plaintiff in error, the refusal of which is complained of by the assignment under consideration, is as follows: "Gentlemen of the Jury: You are hereby instructed to find for the defendant C. A. Moody, and return your verdict accordingly." For the reasons above stated, we are of opinion the court below erred in not giving to the jury the above quoted charge, and in not rendering judgment for plaintiff in error canceling the alleged lien against the house and quieting her title to the same.

The judgment of the court below is therefore reversed, and this court proceeding to render such judgment as should have been rendered by

the court below, it is ordered, adjudged and decreed that the defendant
in error, W. H. Gaston, take nothing by his suit as against plaintiff in
error, C. A. Moody, and that the alleged lien claimed by said defendant
in error upon the house described in his petition, be and the same is
hereby canceled and held for naught, and said plaintiff in error's title
to said house quieted, and it is further ordered that plaintiff in error
recover of said defendant in error, all costs in this behalf expended.

*Reversed and rendered.*